# Exhibit 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————x
                                                    :
In re SCOTTISH RE GROUP                  :     Master File No. 06-cv-5853 (SAS)
SECURITIES LITIGATION                     :
                                                    :
——————————————————————x

### [Proposed] ORDER PRELIMINARILY
### APPROVING PROPOSED SETTLEMENT


WHEREAS, Lead Plaintiff the State Teachers Retirement System of Ohio, on behalf of

the Class (as defined below), has applied to the Court pursuant to Rule 23(e) of the Federal Rules

of Civil Procedure for an order approving (*i*) the settlement of the above-captioned litigation in

accordance with the Stipulation and Agreement of Settlement dated August 21, 2008 (the

"Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and

conditions for a proposed settlement of the Action (the "Settlement"), and for dismissal of the

Action with prejudice as against Scottish Re Group Limited ("Scottish Re"), certain of Scottish

Re's current and former officers and directors, namely, Scott Willkomm, Elizabeth Murphy,

Dean E. Miller, Michael C. French, Michael Austin, William Caulfeild-Browne, Robert Chmely,

Lord Norman Lamont, and Hazel O'Leary (the "Individual Defendants"); and the underwriters

of and forward purchasers of either or both the July 2005 public offering and sale of Scottish Re

Non-Cumulative Perpetual Preferred Shares and the December 2005 public offering of Scottish

Re Ordinary Shares, namely Lehman Brothers Inc.; Bear, Stearns & Co. Inc.; Banc of America

Securities LLC; Keefe, Bruyette & Woods, Inc.; Oppenheimer & Co. Inc.; Advest, Inc.; RBC

Dain Rauscher Inc.; Stifel, Nicolaus & Company, Incorporated; Goldman, Sachs & Co.;

Wachovia Capital Markets, LLC; A.G. Edwards & Sons, Inc.; Fox-Pitt, Kelton Incorporated;

Bear Stearns International Limited; and Lehman Brothers OTC Derivatives (the "Underwriter

1

Defendants"), and Scottish Re's independent auditors during the Class Period, Ernst & Young LLP ("E&Y"), (collectively, the "Defendants") upon the terms and conditions set forth in the Stipulation; and the Court having read and considered the Stipulation and the exhibits annexed thereto;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:[1]

1.      **Certification of Class Solely for Purposes of the Settlement.**   The Court preliminarily certifies for purposes of the Settlement only, pursuant to Rule 23 of the Federal Rules of Civil Procedure, a class defined as: all persons and entities who purchased or otherwise acquired Scottish Re Ordinary Shares, Non-Cumulative Perpetual Preferred Shares ("Preferred Shares") and/or Convertible Preferred Shares of Hybrid Capital Units ("HyCU Shares") in the Offerings, or on the open market, between February 17, 2005 and February 20, 2007, inclusive, and who, upon disclosure of certain facts alleged in the Amended Complaint, were injured thereby (the "Class" or "Class Members").   Excluded from the Class are:  (a) Defendants; (b) Immediate Family Members of the Individual Defendants; (c) the majority-owned subsidiaries and affiliates of Defendants; (d) any person or entity who is or during the Class Period was a partner, executive officer, director, or controlling person of Scottish Re (including any of its subsidiaries of affiliates) or any other Defendant; (e) any entity in which any Defendant has a Controlling Interest, provided that any Investment Vehicle shall not be deemed an excluded person or entity by definition); and (f) the legal representatives, heirs, successors and assigns of

---

[1]      Terms not defined in this Order shall have the definitions ascribed to them in the Stipulation.

any such excluded party.  Also excluded from the Class are any persons or entities who submit valid and timely requests for exclusion from the Class.

Also, the State Teachers Retirement System of Ohio is preliminarily certified for purposes of the Settlement only as Class Representative, and the law firm of Bernstein Litowitz Berger & Grossmann LLP is preliminarily appointed Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

2.     **Preliminary Findings on Proposed Settlement.**  The Court preliminarily finds that the proposed Settlement evidenced by the Stipulation is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed Settlement to the Class and scheduling a hearing for further review of the proposed Settlement.  By the time of that hearing, the Court will have had the benefit of any submissions from Class Members concerning the proposed Settlement.

3.     **Fairness Hearing.**  Pursuant to Fed. R. Civ. P. 23(e), the Court will hold a hearing (the "Fairness Hearing") on _____ __, 2008, at _:00 _.m., in Courtroom 15C of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York 10007.  The Court may adjourn the Fairness Hearing and reconvene it at some other date without further notice to Class Members, and may approve the Settlement, at or after the Fairness Hearing with such modifications as may be consented to by the parties to the Stipulation and without further notice to the Class.

4.     The Fairness Hearing will consider, among other things:

a.     whether the proposed Settlement should be approved as fair, reasonable, and adequate;

b.      whether an Order and Final Judgment, substantially in the form attached as *Exhibit B* to the Stipulation, should be entered dismissing the Action on the merits and with prejudice as to Defendants, and whether the Class's release of the Plaintiffs' Released Claims, as set forth in the Stipulation, should be provided to the Releasees;

c.      whether the proposed Plan of Allocation is fair and reasonable and should be approved by the Court;

d.      whether the Individual Notice, Summary Notice, and notice methodology implemented pursuant to the Stipulation and this Order (*i*) constituted the best practicable notice, (*ii*) constituted notice that was reasonably calculated, under the circumstances, to apprise potential Class Members of the pendency of the Action, their right to object to the proposed Settlement, their right to appear at the Fairness Hearing, and their right to exclude themselves from the Class, (*iii*) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice, and (*iv*) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court, the Private Securities Litigation Reform Act (the "PSLRA"), and any other applicable law;

e.      whether the Court should enter the PSLRA Contribution Bar Order and the Complete Bar Order, as described in the Stipulation;

f.      whether the Court should permanently bar and enjoin (*i*) all Class Members (and their heirs, executors, administrators, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02.b) and assigns) from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from any other lawsuit, arbitration, or other proceeding or order, in any jurisdiction,

4

that is based upon, arises out of, or relates to any Plaintiffs' Released Claim as to any Releasee, including, but not limited to, any claim that is based upon, arises out of, or relates to the Action and the transactions and occurrences referred to in the First Complaint or the Amended Complaint, and (*ii*) all persons and entities from organizing any Class Members for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any lawsuit that is based upon, arises out of, or relates to any Plaintiffs' Released Claims as to any Releasees, including, but not limited to, any claim that is based upon, arises out of, or relates to the Action and the transactions and occurrences referred to in the First Complaint or the Amended Complaint and that arises out of or relates to the purchase, sale, other disposition of, or decision to hold, or any other Investment Decision concerning any securities of Scottish Re during the Class Period;

g.      whether Lead Counsel's request for fees and reimbursement of expenses should be approved by the Court; and

h.      any other matters that the Court may deem appropriate.

5.      **Notice to Class Members.**  The Court hereby approves, as to form and content, the Individual Notice annexed hereto as *Exhibit A-1*, the Proof of Claim annexed hereto as *Exhibit A-2*, and the Summary Notice annexed hereto as *Exhibit A-3*.  The Court finds that the publication of the Summary Notice and the mailing and distribution of the Individual Notice substantially in the manner and form set forth in paragraphs 6 though 9 of this Preliminary Approval Order meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and the PSLRA, and constitute the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

6.      Within eight (8) days from the date of entry of this Preliminary Approval Order, Scottish Re and/or its transfer agent(s), to the extent they have not already done so, shall provide or cause to be provided to the Claims Administrator its or their lists of holders of Scottish Re Ordinary Shares, Preferred Shares and/or HyCU Shares ("Scottish Re Securities"), in electronic form, for providing notice to the Class (the "Security Holder Lists").  To the extent practicable, the Security Holder Lists shall contain the names and addresses of all purchasers of Scottish Re Securities during the Class Period.  Scottish Re shall bear all costs or expenses associated with providing the Claims Administrator with the Security Holder Lists.

7.      Lead Counsel shall mail or cause to be mailed the Individual Notice substantially in the form annexed hereto as *Exhibit A-1*, and the Proof of Claim substantially in the form annexed hereto as *Exhibit A-2*, by first-class mail, postage prepaid, no later than eighteen (18) days after entry of this Preliminary Approval Order, to all Class Members at the address of each such person as set forth in the Security Holder Lists, or who are identified by further reasonable efforts.  The cost of notice to Class Members will be paid out of the Escrow Account, as addressed in the Stipulation.  Lead Counsel is hereby empowered to supervise and administer the notice procedure as set forth below.

8.      Within twenty-five (25) days from the date of entry of this Preliminary Approval Order, Lead Counsel shall cause the Summary Notice to be published, substantially in the form annexed hereto as *Exhibit A-3*, once each in the global edition of *The Wall Street Journal* and in *The Financial Times*.  At least five (5) days before the Fairness Hearing, Lead Counsel shall serve and file with the Court proof by affidavit or declaration of such mailing and publication.

9.      Lead Counsel shall make reasonable efforts to identify all persons who are potential Class Members, including beneficial owners whose Scottish Re Securities are or were

held by banks, brokerage firms, or other nominees.  Nominees who purchased or otherwise acquired Scottish Re Securities during the Class Period are directed either: (a) to request from the Claims Administrator, within fourteen (14) days after receipt of the Individual Notice, additional copies of the Individual Notice and the Proof of Claim for distribution to beneficial owners, or (b) to send a list of the names and addresses of such beneficial owners to the Claims Administrator within fourteen (14) days after receipt of the Individual Notice.  If a nominee elects to send the Individual Notice to beneficial owners, such nominee is directed to mail the Individual Notice within fourteen (14) days after receipt of the copies of the Individual Notice from the Claims Administrator, and upon such mailing, the nominee shall send a statement to the Claims Administrator confirming that the mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class.  Upon full compliance with this Preliminary Approval Order, including the timely mailing of the Individual Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Preliminary Approval Order by providing the Claims Administrator with proper documentation supporting the reasonable expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Individual Notice, if the nominee elected or elects to do so.  Such properly documented reasonable expenses incurred by nominees in compliance with the terms of this Preliminary Approval Order shall be paid from the Escrow Account.

10.    **Communications with Class Members**.  The Releasees shall maintain the right to communicate orally and in writing with, and respond to inquiries from, potential Class Members, including (without limitation): (*i*) communications between potential Class Members and representatives of the Releasees whose responsibilities include investor relations, to the

extent such communications are initiated by potential Class Members, and, in such circumstances, the Releasees shall use their best efforts to direct such potential Class Members to the Claims Administrator or to the Claims Administrator's website, or to Lead Counsel; (*ii*) communications as may be necessary to implement the terms of the Stipulation, and (*iii*) communications as may be made in the conduct of the Releasees' businesses.

       11.     **Administration.**

          a.     **Retention of Claims Administrator.**  The Court approves Lead Plaintiff's selection of A.B. Data, Ltd.  to serve as claims administrator (the "Claims Administrator"), for the purposes of, among other things, effectuating the Individual Notice, the Summary Notice, and website, processing Proof of Claim forms, and distributing payments to Class Members from the Net Settlement Fund.  The Claims Administrator shall be responsible for the receipt of all responses from Class Members and shall preserve all Proofs of Claim and any and all other written communications from Class Members, nominees, or any other person in response to the Individual Notice or Summary Notice until one year following the date of distribution of the proceeds of the Net Settlement Fund to Class Members or pursuant to further order of the Court.

          b.     **Notice and Administration Costs and Taxes.**  As provided in the Stipulation, (*i*) all reasonable costs incurred in identifying and notifying Class Members, as well as administering the Settlement, shall be paid as set forth in the Stipulation without further order of the Court, and (*ii*) Lead Counsel or the Claims Administrator or their agents are authorized and directed to prepare any tax returns required to be filed on behalf of or in respect of the Settlement Fund, to cause any Taxes due and owing to be paid from the Settlement Fund, and to

otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof as contemplated by the Stipulation, without further order of the Court.

        c.     **Participation in Distribution of the Net Settlement Fund**.  In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

        (i)     A properly executed Proof of Claim, substantially in the form attached hereto as Exhibit 2, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Individual Notice, postmarked not later than one hundred twenty (120) calendar days after the date set for mailing the Individual Notice.  Such deadline may be further extended by Court Order.  Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund.  Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Individual Notice.

        (ii)     The Proof of Claim submitted by each Class Member must satisfy the following conditions:  (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (b) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel;

(c) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (d) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(iii)    As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all claims as provided in the Stipulation.

12.    **Exclusion from Class**.   All potential Class Members who wish to exclude themselves from the Class must submit a timely, written request for exclusion to the Claims Administrator.   The exclusion request must include the following information:   (*i*) name, (*ii*) address, (*iii*) telephone number, (*iv*) identification of the Scottish Re Securities and the number of shares of the Scottish Re Securities purchased or otherwise acquired or sold, (*v*) prices paid or value received, and (*vi*) the date of each transaction.   To be valid, any request for exclusion must be in writing, must contain all the required information, and must be received by the Claims Administrator no later than twenty-one (21) days before the date set for the Fairness Hearing.   If the proposed Settlement is approved, any potential Class Member who has not filed a timely and valid written request for exclusion from the Class (and his, her, or its heirs, executors, administrators, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 201.1-02.b) and assigns) shall be bound by the release provided for in the Stipulation and by all proceedings, orders, and judgments in the Action, even if he, she, or it has pending, or subsequently initiates, any litigation, arbitration, or other proceeding, or has any other Claim, against any or all of the Releasees relating to any of the Plaintiffs' Released Claims.   At or before the Fairness Hearing,

10

the Settling Parties shall provide to the Court a list of the persons and entities, if any, who have validly and timely requested exclusion from the Class.  Persons requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund.

13.     **Preliminary Injunction**.  Pending final determination of whether the Settlement should be approved,

a.     Lead Plaintiffs and all Class Members (and their heirs, executors, administrators, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02.b) and assigns) who have not validly and timely requested exclusion from the Class are preliminarily enjoined from filing, commencing, prosecuting, intervening in, participating in, as class members or otherwise, or receiving any benefits or other relief from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding or order in any jurisdiction, as to the Releasees based on or relating in any way to (*i*) the claims and causes of action, or the facts and circumstances relating thereto, in the Action; and (*ii*) the Released Plaintiffs' Claims; and

b.     All persons are preliminarily enjoined from filing, commencing, or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of any Class Members as to the Releasees, if such other lawsuit is based on or related in any way to the claims and causes of action, or the facts and circumstances relating thereto, in the Action and the Released Plaintiffs' Claims.

14.     **Objections**.  Any Class Member who has not filed a request for exclusion from the Class and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, must serve on each of the parties' respective counsel as set forth in the Individual Notice and file with the Court a statement of his, her, or its objection(s), as well as the specific

11

reason(s), if any, for each such objection, including any legal support the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of such objection. Any objection also must include the following information about the Class Member: (*i*) name, (*ii*) address, (*iii*) telephone number, (*iv*) identification of the Scottish Re Securities and the number of shares of the Scottish Re Securities purchased or otherwise acquired or sold, (*v*) prices paid or value received, and (*vi*) the date of each transaction. Any such objection must be served on each of the parties' respective counsel and filed with the Court so that it is received no later than twenty-one (21) days before the date set for the Fairness Hearing. If a Class Member hires an attorney (which shall be at his, her, or its own expense) to represent him, her, or it for the purposes of objecting, such attorney must serve a notice of appearance on each of the parties' respective counsel and file it with the Court so that it is received no later than twenty-one (21) days before the date set for the Fairness Hearing. Any Class Member who does not make an objection in the time and manner set forth herein shall be deemed to have waived such objection, shall be bound by the terms of the Stipulation and the Order and Final Judgment, and shall be foreclosed forever from making any objection to the fairness or adequacy of the proposed Settlement, unless otherwise allowed by the Court.

15.     **Appearance at Fairness Hearing**. Any Class Member who files and serves a timely, written objection in accordance with paragraph 14 above may also appear at the Fairness Hearing either in person or through counsel retained at the Class Member's expense. Class Members or their attorneys intending to appear at the Fairness Hearing must serve a notice of intention to appear, setting forth, among other things, the name, address, and telephone number of the Class Member (and, if applicable, the name, address, and telephone number of the Class Member's attorney), on Lead Counsel (at the address set forth above) and file it with the Court

12

no later than twenty-one (21) days before the date set for the Fairness Hearing.  Any Class Member who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

16.     **Access to Discovery Materials.**   Upon agreeing to be bound by the Protective Order entered by this Court, a Class Member (and his, her, or its counsel (if any)) will be provided access, at his, her, or its own expense, to the discovery materials in the Action for the sole purpose of assessing the Settlement.  The discovery materials in the Action shall be made available for inspection at the offices of Lead Counsel in New York, New York, for a period of no more than fifteen (15) days from the date on which a request of access is made and, in any event, no later than five (5) business days before the Fairness Hearing.

17.     **Filing of Papers**.  All papers in support of the Settlement shall be filed at least seven (7) days before the Fairness Hearing, with a courtesy copy sent to the Court's Chambers.

18.     **Qualified Settlement Fund.**   The Escrow Account into which the Settlement Amount will be paid shall be considered a Qualified Settlement Fund *in custodia legis* of the Court, in accordance with Treas. Reg. §§ 1.468B-0 through 1.468B-5.

19.     **Termination of Settlement**.  This Order shall become null and void, and shall be without prejudice to the rights of the Settling Parties, all of whom shall be restored to their respective positions as set forth in the Stipulation, if (*i*) the proposed Settlement is not finally approved by the Court, or does not become Final, pursuant to the terms of the Stipulation; or (*ii*) the proposed Settlement is  terminated in accordance with the terms of the Stipulation or does not become effective as required by the terms of the Stipulation for any other reason.  In such event,

the Stipulation shall become null and void and of no further force and effect, and shall not be used or referred to for any purpose whatsoever.

20.    **Use of Order**.  This Order shall be of no force or effect if the Stipulation does not become Final.  This Order shall not be construed or used as an admission, concession, or declaration by or against the Releasees of any fault, wrongdoing, breach, or liability.  Nor shall this Order be construed or used as an admission, concession, or declaration by or against Lead Plaintiff or the Class Members that their claims lack merit or that the relief requested in the Amended Complaint is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it might have.

21.    **Continuance of Hearing**.  The Court reserves the right to adjourn the date of the Fairness Hearing, and any adjournment thereof, without further notice to Class Members and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

Dated:        New York, New York
              _____, 2008


                                        _____
                                        SHIRA A. SCHEINDLIN
                                        United States District Judge

#322465.6

14